**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WEIDLICH & ASSOCIATES,
INCORPORATED, a West Virginia
Corporation,
<u>Plaintiff-Appellant,</u>

v.

ARMSTRONG AIR CONDITIONING,
INCORPORATED, a Lennox
International, Incorporated
Company, a foreign corporation;
MAGIC CHEF AIR CONDITIONING
COMPANY, a foreign corporation;

BLUE RIDGE MECHANICAL
CONTRACTORS, INCORPORATED, a
foreign corporation,
<u>Defendants & Third Party</u>
<u>Plaintiffs-Appellees,</u>

v.

COLUMBUS ELECTRIC MANUFACTURING
COMPANY; AUTOMATIC EQUIPMENT
SALES, INCORPORATED; ESSEX
CORPORATION, d/b/a White Rogers,
<u>Third Party Defendants-Appellees.</u>

No. 95-2526

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CA-94-147-2)

Argued: April 3, 1996

Decided: June 18, 1996

Before MICHAEL and MOTZ, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Frederick Fairfax Holroyd, II, Walter Scott Evans, HOLROYD & YOST, Charleston, West Virginia, for Appellant. Kenneth Eugene Knopf, CLEEK, PULLIN, KNOPF & FOWLER, Charleston, West Virginia; Anita Rose Casey, MEYER, DARRAUGH, BUCKLER, BEBENEK & ECK, Charleston, West Virginia, for Appellees. **ON BRIEF:** Melissa R. Metzger, CLEEK, PULLIN, KNOPF & FOWLER, Charleston, West Virginia, for Appellees Armstrong, Magic Chef, and Automatic Equipment; Daniel W. Greear, MEYER, DARRAUGH, BUCKLER, BEBENEK & ECK, Charleston, West Virginia, for Appellee Blue Ridge; Stephen Douglas Adkins, MUNDY & ADKINS, Huntington, West Virginia, for Appellee Columbus Electric; John L. Tate, STITES & HARBISON, Louisville, Kentucky, for Appellee Essex.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Weidlich & Associates operates an eighty-four-unit apartment complex in Dunbar, West Virginia. Each apartment is equipped with a Magic-Pak Combination Gas Heating/Electric Cooling unit, which was designed and manufactured by Appellee Magic

2

Chef.[1] The units were sold and installed by Appellee Blue Ridge Mechanical Contractors. The malfunctioning of ten of these units gave rise to this lawsuit.

In November of 1993, some of Weidlich's tenants began reporting problems with the Magic-Paks. Specifically, the heating side of the units would stop functioning as a result of the burning or melting of its controls and wiring. The source of the problem was a defective "sail switch" in the units' heating mechanism. If functioning properly, the sail switch would activate the unit's gas ignition only when its blower was forcing air into its combustion chamber. But some of these switches were sticking in the "on" position, so that they activated the ignition even when the blower was not running. This malfunction would cause the gas flame to ignite in the absence of sufficient oxygen to sustain it, which in turn would cause the flame to reach out of the combustion chamber into the unit's cabinetry in search of oxygen. It was this type of "flame roll-out" that damaged the units' controls and wiring, ultimately disabling their heating mechanisms altogether.

Weidlich complained to Magic Chef about these malfunctions, and Magic Chef replaced the sail switches in all eighty-four Magic-Paks free of charge. Unsatisfied, Weidlich sued Magic Chef, Armstrong, and Blue Ridge (Defendants) in West Virginia state court, alleging that each was strictly liable in tort for the damage caused by the units' defects. Weidlich prayed for $500,000 or, in the alternative, for replacement of all the Magic-Paks.

Defendants removed the case to the United States District Court for the Southern District of West Virginia. There, they eventually moved for summary judgment, arguing that Weidlich had failed to prove, as West Virginia requires, that the allegedly defective units were damaged in "sudden calamitous" events. See Capitol Fuels, Inc. v. Clark Equip. Co., 382 S.E.2d 311, 313 (W. Va. 1989).

Following a hearing on the motions, the district court, in a thoroughly reasoned opinion, granted summary judgment for all the

_____

[1] Magic Chef was later acquired by Appellee Armstrong Air Conditioning.

defendants.[2] The court agreed with the Defendants that, although the Magic-Paks were defective, the incidents in which they were damaged were not "sudden calamitous" events, hence did not give rise to strict products liability claims under West Virginia tort law. Weidlich now appeals, arguing that the flame roll-out incidents were in fact sudden and calamitous.

We have carefully considered the briefs and oral arguments of the parties and those portions of the record pertinent to their various arguments. Having done so, we find no reversible error in the decision of the District Court and accordingly affirm on its reasoning.

AFFIRMED

_____

[2] Having rejected Weidlich's claim, the District Court's order also dismissed the following cross-, third-party, and fourth-party claims: (1) Blue Ridge's cross-claim for indemnification or contribution against Magic Chef and Armstrong; (2) Armstrong and Magic Chef's third-party claim against Columbus Electric Manufacturing Company, the alleged manufacturer of the sail switch; (3) Blue Ridge's third-party complaints against both Columbus and Automatic Equipment Sales, Inc., an alleged distributor of the Magic-Paks; and finally (4) Columbus's fourth-party complaint against Essex Corporation, who is claimed to have made another of the Magic-Paks' components.

4